David K. Caplan (State Bar No.  181174)
Matthew D. Klafter (State Bar No. 248136)
KEATS McFARLAND & WILSON, LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California  90212
Telephone:  (310) 248-3830
Facsimile:  (310) 860-0363
Email:  dcaplan@kmwlaw.com
            mklafter@kmwlaw.com

Attorneys for Plaintiffs
Monkeys in Silk Productions, L.L.C. and
Michael Rotman

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONKEYS IN SILK PRODUCTIONS, L.L.C., a California limited liability company; and MICHAEL ROTMAN, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>UNICORN VIDEO, INC. a Florida corporation; and WILLIAM SMITH, an individual,<br><br>　　　　　Defendants. | Case No.: 2:07-cv-07547-SVW-SH<br><br>**FINAL JUDGMENT UPON CONSENT AGAINST DEFENDANT UNICORN VIDEO, INC.** |

Plaintiffs Monkeys In Silk Productions, L.L.C. and Michael Rotman, (collectively, "Plaintiffs"), having filed a Complaint in this action charging defendants Unicorn Video, Inc. ("Unicorn Video") and William Smith ("Smith") (collectively, "Defendants") with copyright infringement, inducement of breach of contract, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage.

NOW, THEREFORE, this Court, having reviewed the pleadings and other papers on file in this action, and having been advised by the parties that they desire to fully and conclusively settle the controversy between them based upon the findings of fact and conclusions of law set forth below, and under the terms and conditions stated herein, is of the opinion and finds that good cause exists for the approval of the Final Judgment against defendant Unicorn Video (the "Judgment").  Accordingly, based upon the foregoing, this Court makes the following findings of fact and rulings of law, and it is:

**ORDERED, ADJUDGED AND DECREED** as between the parties hereto that:

1.    The claim arises under the Copyright Act, 17 U.S.C. § 101, et seq.  This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1332 and 1338.  Service was properly made against Unicorn Video.

2.    Plaintiffs are the exclusive owners of copyright and other rights in and to the feature-length film "Star Wait" (Registration Number PA 1-366-161) (hereinafter referred to the "Property"), created by plaintiff Rotman in or about August 2005. Plaintiffs have at all times owned and continue to own the Property, and Plaintiffs have not abandoned such rights at any time.

3.    Plaintiffs allege that Unicorn Video violated Plaintiffs' rights in the Property by manufacturing and distributing unauthorized copies of "Star Wait" DVDs,

including in territories not authorized by Plaintiffs, and by allowing such unauthorized copies to be sold and/or distributed for less than the minimum price authorized by Plaintiffs.

4.    Plaintiffs allege that by having engaged in the conduct described above, Unicorn Video has committed copyright infringement in violation of 17 U.S.C. § 101 et seq., induced the breach of a third-party contract, intentionally interfered with Plaintiffs' prospective economic advantage, and negligently interfered with Plaintiffs' prospective economic advantage.

5.    As a result of Unicorn Video's conduct and the damage that it has caused, Plaintiffs are entitled to recover damages for Unicorn Video's copyright infringement either as: (i) actual damages sustained by Plaintiffs by reason of Unicorn Video's unlawful acts, together with Unicorn Video's profits derived from its unlawful infringement of Plaintiffs' copyright in and to the Property; or (ii) statutory damages for each act of willful infringement up to $150,000 as set forth in 17 U.S.C. § 504, at Plaintiffs' election before the entry of final judgment by the Court, together with prejudgment and post-judgment interest.  In addition, Plaintiffs are entitled to recover damages and Defendants' profits as a result of Unicorn Video's inducement of breach of contract.  Furthermore, Plaintiffs are entitled to recover damages for Unicorn Video's intentional and negligent interferences with Plaintiffs' prospective economic advantage, pre-judgment and post-judgment interest on said amount, and Unicorn Video's profits, if any.  In addition, Plaintiffs are entitled to their reasonable attorneys' fees and costs incurred pursuant to 17 U.S.C. § 505.

6.    Plaintiffs and Unicorn Video agree that Plaintiffs are entitled to judgment in the amount of $100,000.00.

7.    Plaintiffs and Unicorn Video agree that this Judgment and all of its terms shall be binding upon and inure to the benefit of their respective heirs, successors and

assigns, and that this Judgment and all of its terms shall be non-dischargeable in the event that the Unicorn Video shall become insolvent or file for bankruptcy.

8.     The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the Settlement Agreement between the parties, this Judgment, the enforcement thereof and the punishment of any violations thereof.

9.     This Judgment shall be deemed to have been served upon Unicorn Video at the time of its execution by the Court.

10.    The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Fed. R. Civ. P. 54(a), the Court directs entry of Judgment against Unicorn Video in the amount of $100,000.00.

**IT IS SO ORDERED**.

Dated: November 12, 2008

_____
Hon. Stephen V. Wilson
United States District Judge

Presented by:

David K. Caplan
Matthew D. Klafter
KEATS MCFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

_____
David K. Caplan
Attorneys for Plaintiffs
Monkeys In Silk Productions, L.L.C.
and Michael Rotman

1

## __CONSENT__

2    The undersigned hereby consents to the entry of the foregoing Judgment.

3

4    Dated: _____          UNICORN VIDEO, INC.

5                                        By: _____

6
                                         Printed Name: _____
7

8                                        Its: _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28